IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| WAZLASHIL JOHNSON | § § § | |
| vs. | § § | CIVIL ACTION NO. 6:21-CV-470 |
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING LLC | § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The presiding judge referred the above-styled case to the undersigned on February 7, 2022. On the same date, the Court granted a motion to withdraw filed by Plaintiff's attorney, Diane Heindel. A status report filed by Ms. Heindel prior to her withdrawal indicates that Plaintiff acquired new counsel. A new attorney has not filed a notice of appearance, however, on behalf of Plaintiff. As a result, the Court entered an Order on February 8, 2022, directing Plaintiff to either file a notice stating that she intends to proceed *pro se*, representing herself, or have her new attorney file a notice of appearance within 14 days of receipt of the order.

The Clerk mailed the Order to Plaintiff by certified mail. On March 28, 2022, the certified mail sent to Plaintiff was returned to the Court with the notation "unclaimed." To the extent Plaintiff is refusing to accept certified mail from the Court, she is failing to prosecute this case. The case cannot proceed if Plaintiff refuses to communicate with the Court and accept mail from the Court.

The Court may order dismissal of an action "[i]f the plaintiff fails to prosecute." FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court has inherent

authority to dismiss *sua sponte*. *McCullough v. Lynaugh*, 835 F.2d at 1127. Plaintiff's complaint should be dismissed without prejudice for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

Defendant filed a motion to dismiss (ECF 13) on March 4, 2022 seeking dismissal with prejudice as a result of Plaintiff's failure to comply with the Court's order. Defendant filed the motion prematurely. The Order (ECF 12) expressly states that the time period for Plaintiff to respond begins upon receipt of the order. To date, there is no information showing that Plaintiff received the order. On this record, a dismissal without prejudice is appropriate.

## RECOMMENDATION

It is recommended that the complaint be dismissed without prejudice for failure to prosecute. FED. R. CIV. P. 41(b).

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b).

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations, and except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 4th day of April, 2022.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE